## PROCEEDINGS FOR INCORPORATION OF A VILLAGE.

Common Pleas Court of Cuyahoga County.

E. S. LIBBY ET AL V. HOSEA PAUL, COUNTY RECORDER OF
CUYAHOGA COUNTY.

Decided, February 9, 1915.

*Villages—Dual Method Provided for Incorporation of—Failure to Give
Notice of Election for Full Statutory Time—Transcript Filed with,
the Recorder—Limits of the Corporation and Whether Reasonable.*

1. The two methods provided under the laws of Ohio for the incorporation of villages are not exclusive each of the other, but are cumulative. Either method may be pursued as to allotted or platted lands, but as to unplatted lands Sections 3526-3531 alone apply.

2. Failure to publish notice of an election as to a proposed incorporation for the full ten days required by statute will be treated as an irregularity only, where there is no showing that the result of the vote would have been in any way changed had publication been made for the full time.

3. Proof that persons who signed the petition for incorporation are electors, and reside within the limits of the proposed incorporation, and a majority of them are freeholders, need not be set out in the transcript filed with the recorder.

4. A proposed incorporation or three thousand acres is not unreasonably large, where there is a population of six hundred, and the allotments cover six hundred acres, and the character of the property is rapidly changing; nor is ground afforded for refusing a prayer for incorporation because some of those owning farm lands will be inconvenienced by reason of the fact that they do their shopping in a neighboring village and their social relations are mantained there.

*A. W. Lamson,* for plaintiff.
*Frederick W. Green,* contra.

ESTEP, J.

This is an action to enjoin the recorder of Cuyahoga county, Ohio, from making a record of the proceedings of the board of township trustees with reference to the incorporation of said village of Maple Heights, and from certifying the transcript thereof to the secretary of the state of Ohio; and that said de-

fendant be ordered and adjudged to expunge from the records of his said office so much of said proceedings as he has heretofore made, before the expiration of ten days from the filing of said record and said proceedings with him, and for such other relief as may be just and equitable.

The following objections have been urged by plaintiffs to the proceedings relating to said incorporation:

First. It is urged that the trustees of the township were without jurisdiction to entertain the proceedings had before them.

Second. Because ten days notice of the election held, as required by the General Code, Section 3527, was not given according to law.

Third. The transcript filed with the recorder does not show that proper proof was presented to the board of trustees, prior to the calling of the election, that said petition was signed by not less than thirty electors.

Fourth. That the limits of the proposed corporation are unreasonably large, and that it is not right, just or equitable that the prayer of the petition presented to the said township trustees be granted.

I will consider these objections in the order presented.

1. It appears that the first two objections have been settled by our own court of appeals in the case of *Edwin Scrivens* v. *Hosea Paul, Recorder,* being opinion No. 582, rendered June 22, 1914. In that case it appeared that the territory involved consisted of six thousand acres of land. Sixty acres had been laid off into lots and surveyed and platted by an engineer, the map thereof being recorded. It was claimed that this fact brought the proceedings under General Code, Sections 3517-3525 inclusive, which vests the jurisdiction to erect a village in the county commissioners. In the present action the territory consists of three thousand or more acres, and of this amount some six hundred acres is allotted property; and hence the same objection is made in this action as to the jurisdiction of the trustees to erect a village as was made in the Scrivens case. Winch, J., in regard to this question, says:

"The jurisdiction of the county commissioners under these sections has existed for many years, and is limited to territory which has been laid off into village lots, etc., although Section 3519 provides that the description of the territory embraced in the proposed corporation may contain adjacent territory not laid off into lots.

"In 1896 a supplementary law was passed providing for the incorporation into a village of 'any territory or portion thereof' by proceedings before the trustees of the township in which the territory is located, and requiring an election upon the matter to be held. This law is now found as General Code, Sections 3526 and 3531 inclusive, and was complied with by the inhabitants of the territory now incorporated as the village of Brook Park. Thus two methods of incorporation of villages are provided by law, and we hold that they are cumulative and not exclusive the one of the other. Either method may be pursued as to allotted or platted lands, but as to unplatted lands it seems that the law of 1896 alone applies."

2. In regard to the question of the notice published in the newspaper: It appears that notices of the election were posted as required by statute, but that the notice published in the Cleveland *Leader* was not published the full ten days, as provided in the statute.

It appears from the evidence that 181 votes were polled at the election, and of this number 122 voted in favor of the incorporation of Maple Heights village, and 59 voted gainst the incorporation. It does not appear but the full vote of this territory was counted, and no showing has been made that the majority of 63 would have been in any way cut down if the full ten days' publication had been made. No showing has been made relating to the insufficiency of the notice of the election throughout this territory. In the case of *Fike* v. *State of Ohio*, 4 C.C.(N.S.), 81, the second syllabus is as follows:

"Failure to publish for a full period of ten days the mayor's proclamation of a special election to be held under Section 4363-20a, Revised Statutes, etc. (commonly called the Beal local option election law) is not fatal to the validity of the election, where the election was otherwise regularly held. Knowledge of its approach was general throughout the municipality, and a comparatively full vote was cast, and no attempt was made to

deceive or mislead any one, and it does not appear that any elector was either without knowledge thereof, kept from voting, or failed to vote on account of the failure to give ten days' notice. Publication of notice for ten days, under such circumstances, is not jurisdictional, and failure to publish it for the full period is a mere irregularity which does not invalidate the election.''

There is no charge of fraud made in regard to the election in this proceeding, and no proof is offered which tends to show that there was not the fullest publicity, in the proposed incorporation, of such election; and there is no testimony tending to show that any elector in the proposed incorporation was prevented from voting on account of the lack of a few days' notice of the time required by law.

The language used by Winch, J., in the Scrivens case, is equally applicable here:

''In this case the will of the people was clearly and decisively expressed at the polls, and it should not be thwarted by the courts. Rather is it the duty of the courts to sustain the will of the people on all occasions, unless that will plainly undertakes to override some provision of the Constitution or laws duly enacted by the people's representatives.''

See also language of Judge Brinkerhoff in 15 O. S., page 537.

The court of appeals, in the Scrivens case, having held the lack of full ten days' notice, under the facts in that case, to be a mere irregularity, I am disposed to follow the ruling and apply it in this case on practically the same state of facts.

3. In regard to the sufficiency of the transcript filed with the recorder—the plaintiffs claim that this transcript should contain the proof offered when the trustees received the petition relating to the proposed incorporation, that the persons who signed it are electors, and reside within the limits of the proposed incorporation, and that a majority of them are freeholders. This proof is referred to in General Code, Section 3527. General Code, Section 3530, refers to the transcript and record, and provides that the trustees shall make a certified transcript of the journal entries of all their proceedings, etc.

The resolution contained in the transcript of the proceedings of the special meeting of the trustees of Bedford township, upon the 11th day of December, 1914, recites that there was presented proper proof. that the persons who signed said petition are electors residing within the limits of the proposed incorporation, and that a majority of said signers are freeholders within the limits of said proposed incorporation.

It appears to me that we must look to General Code, Section 3530, in order to ascertain the proceedings which are to be contained in the transcript. When this section provides for a transcript of the journal entries of all their proceedings, in my opinion it does not mean that the testimony or proof provided for in Section 3527 must be written out and journalized. The affidavit of E. J. Andres relating to the freeholders, etc., who signed the petition, is, in my opinion, surplusage, and may be disregarded, as it is not legitimately and properly a matter of record. *Smith* v. *Board of Education,* 27 O. S., 44.

The truth of the recitals contained in the resolutions relating to this matter will be presumed.

The principle is well stated in the case of *Lessee of Coombs and Ewing* v. *Lane,* 4 O. S., 112. In the first syllabus, it is laid down as follows:

"In respect to official acts, the law will presume all to be rightfully done, unless the circumstances of the case overturn this presumption; and, consequently, acts done which presuppose the existence of other acts to make them legally operative, are presumptive proof of the latter." See *Dalrymple* v. *State of Ohio,* 5 C.C.(N.S.), 185.

The transcript before the court appears, with slight omissions, to be a full and complete transcript as provided by General Code, Section 3530, and I am of the opinion that the proof provided for in General Code, Section 3527, need not be set out in the transcript for the reasons above set forth.

4. I will now consider the objection made as to the size of the territory, and the question as to whether it is right, just and equitable that the prayer of the petition presented to the said township trustees should be granted.

Upon the question as to this territory being unreasonably large, I do not understand that this objection has been urged to any extent. In the incorporation·of any village, which contains allotted property and surrounding farm property, it may be said, as was said by Judge Neff in *Hall* v. *Siegrist*, 13 O. D., 58:

"If we are remitted to the consideration of the question as to whether it can be embodied into a compact municipality, it is perfectly apparent that for many years at least such a condition of things would not exist."

There are ten or more allotments in this territory, composing some six hundred acres and having a population of approximately six hundred. The character of the property is rapidly changing, and there is substantially nothing before the court which would justify a holding that this territory is unreasonably large.

Testimony has been offered tending to show that some of those owning farm lands in this territory will be inconvenienced by the incorporation of this village; that they do most, if not all, of their shopping in Bedford, and their children attend school here, and that all their social relations are maintained in Bedford.

In the case of *Hall* v. *Siegrist, supra,* it was urged that the incorporation would increase the taxes of those objecting to the proceedings. Judge Neff held that there being no evidence offered to show any inequality in the proposed taxation, any increase of taxes would be offset by the advantage resulting from proposed improvements, police protection, etc.

He also cites authority to the effect that the disarrangement of school and election districts is no ground for refusing to incorporate a village. In the case of *Smithfield Borough,* 23 Pa. Co. Ct. Rep., 583, it is laid down in the syllabus, that:

"In determining whether a borough should be incorporated, the court will consider the subject broadly, having in view the highest interests of all concerned, and not only the present situation, but the needs and growth of the locality in the future."

The showing made by plaintiffs of inconvenience to them in the creation of this incorporated village is certainly not suffi-

cient to justify the court in refusing to sustain the proceedings. There is not sufficient proof before the court to show that said incorporation is not right, just and equitable.

Upon a careful examination of all the objections and errors urged to their proceedings for the incorporation of the village of Maple Heights, I find no good and sufficient reason for granting the prayer of the petition, and the said petition is therefore dismissed.